FIRST NATIONAL BANK OF WHARTON, PLAINTIFF, v. JACOB THOMAS, FLOYD W. GRUENDYKE, HUGH SIMANTON AND BERTIE SIMANTON, DEFENDANTS.

Submitted January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff, *King & Vogt.*

For the defendants, *Elmer W. Romine.*

PER CURIAM.

This is a rule for new trial allowed to Floyd G. Gruendyke, one of the defendants, against whom a judgment was obtained in the Morris Circuit of the Supreme Court on a note bearing his endorsement held by the bank and on which default of payment had taken place.

Seven reasons are filed under the rule, but one of which has any validity to justify consideration. The reasons filed are that the verdict is contrary to the weight of the evidence; that the court admitted illegal evidence; refusal to admit evidence on behalf of the defendants; verdict contrary to charge; that the court committed error in its charge; verdict contrary to law, and verdict illegal, unjust and oppressive.

Rule 125 requires that the party entering the rule "shall write down the reasons upon which he rests such motion with such particulars as is now required in stating grounds of appeal." But one of these reasons, that the verdict is contrary to the weight of the evidence, meets that requirement. It is not stated what illegal evidence was admitted, what legal evidence was refused, with what portion of the charge the verdict was in violation, in what part of the charge error was committed, or in what respect the verdict was contrary to law.

We proceed to consider the reason that the verdict is contrary to the weight of the evidence. Gruendyke was an endorser on a note for $6,423.48. His defense, as attempted to be proved, was that his signature was obtained by the bank by fraud and misrepresentation. His testimony was that he was asked by Simanton, the maker of the note, to become an endorser for him; that he and Simanton saw the cashier and were told that the bank had a bond and mortgage of $10,000 to cover all notes to that amount and that Gruendyke had no liability to take whatever; that the bank examiners were liable to come to the bank the next morning and would want the note in the bank then. Simanton testified that the cashier at this conversation said that Gruendyke had no risk to take because the note was secured by a mortgage, that it was more to satisfy the examiners than anything else. The cashier denied that he had made such a statement; he said that Simanton had been before the board of directors the day before and was informed that additional signatures of endorsement must be obtained or the note would not be renewed, and that Simanton and Gruendyke came to him the night afterward at the home of the cashier's father-in-law; he said all that he told Gruendyke was that the bank held Simanton's second mortgage; that he was asked to say this to Gruendyke and he did, but nothing more.

Whether on this evidence, even if believed by the jury, any defense was made out is more than doubtful. It appeared that the board of directors had demanded additional security

in the way of added endorsers before renewing the note, and the note in question was given. This carried with it absolute liability of the maker and endorsers to make payment according to its terms. The statement of the cashier constituted nothing more than a promise that this liability would not attach and an alteration of the contract by parol.

Assuming, however, that the case was properly submitted to the jury, the verdict should not be disturbed on the weight of the evidence. Even if the jury disbelieved the cashier and believed the testimony of Simanton and Gruendyke the statements attributed to the cashier could well be regarded as mere expressions of opinion that there was protection to the bank in the bond and mortgage which it held and that by reason of this Gruendyke would take no risk in endorsing. That this meaning was a justifiable one is evidenced from the statement of Simanton that the cashier said that Gruendyke had no risk to run because it was secured by a mortgage, and that Gruendyke said he would think it over and thereafter signed the note.

The rule is discharged, with costs.